IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL LEN JENKINS and | ) | |
| HAVEN WESTBROOK JENKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-101 |
| | ) | |
| LA-Z-BOY INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

SCHEDULING ORDER

1. INTRODUCTION: Pursuant to Fed. R. Civ. P. 16(b), a telephonic scheduling conference was held in this cause on April 27, 2009. Present representing the plaintiffs were attorneys Anthony Farmer and Robert Davies. Present representing the defendant was attorney Steven Collins. The following actions were taken:

2. JURISDICTION: In this case, the subject-matter jurisdiction of the court has been invoked pursuant to 28 U.S.C. § 1332, and **is not** in dispute.

3. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION:

(a) The possibility of settlement is fair at this time.

(b) If this case is appropriate for ADR pursuant to Local Rule 16.3, or for court-annexed mediation pursuant to Local Rule 16.4, or for voluntary arbitration pursuant to Local Rule 16.5, counsel will advise the court.

4. DISCLOSURE AND DISCOVERY:

(a) <u>Fed. R. Civ. P. 26(f) Meeting</u>: If the parties have not already done so, they will hold a discovery planning meeting as required by Rule 26(f) on April 27, 2009.

(b) <u>Discovery Plan</u>: At the Rule 26(f) meeting, the parties shall, if they have not already done so, develop a discovery plan and file it with the court within ten (10) days after this meeting. This discovery plan shall conform to the provisions of Fed. R. Civ. P. 26(f).

(c) <u>Initial Disclosures</u>: At the Rule 26(f) meeting, the parties shall, if they have not already done so, make all disclosures required by Rule 26(a)(1).

(d) <u>E-Discovery</u>: At the Rule 26(f) meeting, counsel for the parties shall confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer-based media. If so, the parties are directed to determine: (i) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business; (ii) the anticipated scope, cost, and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business; (iii) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production; (iv) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; (v) whether there are other problems that the parties anticipate may arise in connection with electronic or

computer-based discovery; and (vi) the name of the person responsible for each party's document retention policies and the name of the individual through which discovery requests and responses to each party are to be made. It is expected that the parties will confer and cooperatively reach an agreement as to how e-discovery will be conducted in this case.

(e) <u>Expert Testimony</u>: Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made by the plaintiffs 120 days before trial and by the defendant 90 days before trial.

(f) <u>Computer-Generated Animation</u>: If any party intends to offer a computer-generated animation into evidence, the party shall disclose that intention at the time expert disclosures are made pursuant to Fed. R. Civ. P. 26(a)(2). A copy of the animation shall be furnished to all other parties no later than 45 days prior to the filing of pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) [or the close of expert discovery, if that is earlier]. By agreement of the parties, the date of delivery of the animation may be adjourned to no later than the date on which the pretrial order is filed.

(g) <u>Evidence-Presentation Equipment</u>: If either party intends to use electronic, mechanical or other equipment to display evidence at trial, the parties shall confer in an effort to agree on the size, type and location of equipment to be used in the courtroom. If the parties agree, they shall file their joint proposal on the date on which the final pretrial order is due. If the parties cannot agree, each party shall file its proposal on the date on which the pretrial order is due and may comment on the proposal filed by any other party within two

business days thereafter. If one or more of the parties desire to use the court's Digital Evidence Presentation System (DEPS) at trial or for any pretrial hearing, notice must be given to Helen Spears (865/545-4228) at least three (3) working days before the hearing or trial. Attorneys who have not previously used the DEPS unit should receive training prior to use. Attorneys who have previously used the equipment should test any evidence to be displayed on the equipment prior to use.

(h) <u>Pretrial Disclosures</u>: On or before thirty (30) days before trial, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (see 6(h) and (i) below).

(i) <u>All Discovery</u>: All discovery, including the taking of depositions "for evidence," shall be completed by thirty (30) days before trial. (Motions to compel must be filed at least 30 days before this deadline.)

5. <u>PRETRIAL ORDERS AND PRETRIAL CONFERENCES</u>:

Unless counsel are otherwise directed by the court,[1] the following shall govern with regard to pretrial orders and conferences in this particular case.

Thirty (30) days before trial, an **agreed** pretrial order signed by all counsel <u>shall be filed with the clerk</u>. This order shall contain the following recitals:

---

[1] If otherwise directed, counsel will receive detailed written instructions concerning pretrial conference procedures before a judge or magistrate judge of the court.

4

(a) Jurisdiction.

(b) That the pleadings are amended to conform to the pretrial order.

(c) Short summary of plaintiffs' theory.

(d) Short summary of defendant's theory.

(e) The issues to be submitted to the trial judge or jury.

(f) Stipulations of fact.

(g) Novel or unusual questions of law or evidence.

(h) Estimated length of trial (in working days).

(i) Possibility of settlement.

(j) Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

The following procedures shall be followed in preparing the agreed pretrial order: Forty-five (45) days before trial (47 days if service by mail), plaintiffs' counsel **shall** serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within five (5) working days after receipt thereof, opposing counsel shall furnish plaintiffs' counsel with defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the court's intercession. If the parties cannot agree on a pretrial order, plaintiffs' attorney shall

5

notify the undersigned's law clerk at least thirty-one (31) days before trial that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order or hold a pretrial conference. Counsel will receive specific written instructions on pretrial conference procedures if a pretrial is to take place before the undersigned. Any such pretrial conference will be held fourteen (14) to twenty-five (25) days prior to trial. Amendments to a pretrial order entered *ex parte* by a judge or magistrate judge may be sought by motion filed five (5) days following entry of the order. Notwithstanding the filing of an agreed pretrial order, the undersigned may schedule a final pretrial conference shortly before trial if it appears that there are matters which need to be discussed before the time of trial.

**Failure to file an agreed pretrial order or to notify the undersigned's law clerk that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action.** *See* **Fed. R. Civ. P. 41(b).**

6. <u>OTHER SCHEDULING MATTERS</u>:

(a) <u>Joinder of Parties</u>: If any party wishes to join one or more additional parties or amend to add alleged tortfeasors, such joinder or amendment shall be made ninety (90) days before trial.

(b) <u>Dispositive Motions</u>: All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as

6

possible, but no later than 120 days before trial. **The failure to timely file such motions will be grounds to summarily deny them.**

**Motions for summary judgment <u>SHALL NOT</u> be accompanied by a separate statement of material facts as to which the moving party contends there is no genuine issue for trial.**

(c) <u>Motions in Limine</u>: Any motions in limine must be filed no later than fifteen (15) days before trial. Should a hearing be directed by the court in regard to such motions in limine, the parties will be notified of the date and time therefor.

(d) <u>*Daubert* Motions</u>: Motions seeking a *Daubert* hearing must be filed at least sixty (60) days before trial or they will be deemed waived.

(e) <u>Hard Copies Provided to Chambers</u>: **Upon filing any dispositive motion, or any other motion (or responsive pleading) that EXCEEDS TWENTY-FIVE PAGES (including attachments), a COURTESY HARD COPY shall be mailed or hand delivered to chambers**.

(f) <u>Special Requests to Instruct for Jury Trial</u>: Pursuant to Local Rule 51.1, special requests for jury instructions shall be submitted to the court no later than five (5) **working** days before trial, and shall be supported by citations of authority pursuant to Local Rule 7.4. There is reserved to counsel for the respective parties the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

7

Case 3:09-cv-00101   Document 8   Filed 04/27/09   Page 7 of 9

(g) All anticipated exhibits will be labeled with appropriate "Plaintiff" and "Defendant" stickers[2] and numbered prior to trial. At the inception of trial, counsel will furnish the court with three (3) copies of their exhibit lists, so numbered, and one copy of the exhibits for the court.[3]

(h) Forty-five days before trial, the parties shall file a final witness list, covering the information specified in Rule 26(a)(3).

(i) Within five (5) days after service of a final witness list in (h) above, such list may be supplemented.

(j) In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3), and desires the court to consider such objection or objections to be in the nature of a motion in limine, such objections shall be accompanied by a brief in support of such objection/motion in limine. Should a hearing be directed by the court regarding such motions in limine, the parties shall be notified of the date and time thereof. Counsel are reminded that objections not so disclosed, other than objections under Rule 402 and 403, Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

---

[2] These stickers are available upon request from the Clerk's Office.

[3] In a nonjury trial, the parties shall provide the court with <u>two</u> copies of the exhibits for trial.

7. <u>FINAL PRETRIAL CONFERENCE</u>: The parties may request a final pretrial conference after submitting a proposed final pretrial order, or in the event they cannot agree. The parties must make this request to the court at least ten (10) **working** days before trial. The court may *sua sponte* set a final pretrial conference.

8. <u>TRIAL</u>: The trial of this case will be held before the United States District Judge Leon Jordan with a jury beginning on February 24, 2010, at 9:00 a.m. The trial is expected to last two days.

Counsel shall be present at 8:30 a.m. to take up any preliminary matters which may require the court's attention. The parties shall be <u>prepared</u> to commence trial at 9:00 a.m., on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

> **<u>NOTE</u>**: **Failure to comply with this order shall result in the exclusion of damages, witnesses, exhibits, depositions, and/or videotapes from evidence at trial.**

**IT IS SO ORDERED**.

ENTER:

                                                                                    s/ Leon Jordan
                                                                       United States District Judge